```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )       4:08CR3019
                              )
      v.                      )
                              )
CHRISTOPHER G. DIGIORGIO,     )       MEMORANDUM AND ORDER
DOMINICK C. DIGIORGIO,        )
                              )
            Defendants.       )
                              )
```

The defendants filed motions to suppress all evidence obtained as a result of the stop and search of the silver 2008 Chevrolet Impala they occupied on January 31, 2008. Filings 18 and 20. Both defendants claim Nebraska State Patrol Trooper Paul Hazard lacked probable cause to initiate a traffic stop of their vehicle. Defendant Christopher DiGiorgio further claims his bag in the vehicle trunk was unlawfully searched without a warrant, probable cause, or Christopher DiGiorgio's consent.

The brief submitted by Christopher DiGiorio in support of his motion to suppress raised the following issues:

- Dominick DeGiorgio consented to the search of the vehicle. However, he also advised the trooper that he owned the suitcase and the passenger, Christopher DiGiorgio, owned the bag in the trunk. See ex. 2, (in-car DVD), at 19:40-41.

- Dominick DeGiorgio did not give the trooper permission nor did he consent to Trooper Hazard's search of Christopher DiGiorio's bag.

- Dominick DeGiorgio did not have the authority to give consent to search Christopher DiGiorgio's bag.

- Trooper Hazard never requested Christopher DiGiorgio's consent to search his bag.

- Christopher DiGiorgio never consented to the search of his bag.

- Christopher DiGiorgio had no reasonable way to object to the officer's search of his bag since the officer refused to respond to his questions and locked him in the back of the officer's patrol vehicle during the search.

- Trooper Hazard lacked probable cause to open and search Christopher DiGiorgio's bag.

See filing 21.

The government's responsive brief failed to address any of these issues, instead relying solely on its claim that Christopher DiGiorgio lacked standing to object to the search of the bag in the vehicle trunk found to contain illegal drugs. Filing 29. Under this court's local rules, had the government been the moving party, the court would have considered all issues it failed to brief abandoned. NECrimR 12.3 (b)(1). However, the local rules do not permit me to summarily rule against the government for failure to brief the substantial issues of law raised by Christopher DiGiorgio and argued by his counsel and the government at the close of the evidentiary hearing.

It is the government who has the burden of proving the search of Christopher DiGiorgio's bag was valid. If it intends to prosecute its indictment against Christopher DiGiorgio using the evidence found during the search conducted on January 31, 2008, it is obligated to advise the court of the relevant law and explain why the facts of this case support denial of this defendant's motion to suppress.

IT THEREFORE HEREBY IS ORDERED:

1. The government is given until May 30, 2008 to file a brief addressing the factual and legal issues raised in defendant Christopher DiGiorgio's brief and during the parties' oral argument at the conclusion of the evidentiary hearing. Any issues not briefed by the government as required under this order will be deemed conceded by the government.

2. Defendant Christopher DiGiorgio is given five days thereafter to submit a responsive brief, at which time, his motion will be deemed submitted.

DATED this 23rd day of May, 2008.

        BY THE COURT:

        s/ David L. Piester
        David L. Piester
        United States Magistrate Judge